# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES HENRY JONES, III,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 2:20-CV-01017-CLM** |
| ) | |
| **FRESENIUS USA** ) | |
| **MANUFACTURING, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Charles Henry Jones III, an African American man, filed a charge of discrimination with the EEOC, alleging that his employer, Fresenius USA Manufacturing, discriminated against him because of his race. Doc. 22-1. The EEOC issued Jones a Notice of Right to Sue letter (doc. 1, p. 10), after which Jones filed his first complaint, and later an amended complaint.

Fresenius has moved to dismiss Counts 7-9 of Jones's Amended Complaint for failure to exhaust. *See* Doc. 22 (amended complaint); 26 (motion to dismiss). Jones concedes that Count 9 is due to be dismissed (doc. 28 at 6), so the court will **grant** Fresenius's motion dismiss Count 9. For the reasons stated within, the court **denies** Fresenius' motion to dismiss Counts 7-8.

## STATEMENT OF THE FACTS

Jones worked for Fresenius as a long-haul truck driver from June 2011 until September 2019, when Jones claims Fresenius constructively discharged him.[1] A few days later, Jones filed a charge of discrimination against Fresenius with the EEOC. The charge reads:

> THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):
> I am an African American man. I worked for Respondent as a Truck Driver from 6/11/11 until my last day on 8/30/19. During my employment I was discriminated against by the Transportation Supervisor Sam Tidisco and his boss Distribution Center Manager Brett Heiner. I was discriminated against in wages, route assignments, work hours, promotions, job assignments, load assignments, evaluations and disciplines. I complained to Brett Heiner of discrimination from Sam Tidisco, but long term action was taken to stop the discrimination. In addition, higher paying jobs were filled that I would have liked to have had, but I did not opportunity to apply because those jobs are not posted such as clinic jobs and local delivery driver jobs. When I asked about these better jobs that would get me off the road, I was told I was not the right fit. Then, respondent would place a less qualified white person in that job. The company engages in a pattern and practice of discriminating against a class of African Americans in selection decisions and wages. This is done through intentional and disparate impact discrimination.
> RECEIVED

The EEOC gave Jones a Right to Sue letter on April 23, 2020. Jones filed this lawsuit on July 17, 2020.

## STANDARD OF REVIEW

Title VII requires that Plaintiffs exhaust all available administrative remedies before filing a lawsuit—*i.e.*, an EEOC charge. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). When the Plaintiff files a lawsuit, his complaint is limited by the scope of the EEOC investigation that can reasonably be expected to

---

[1] Jones states in his complaint that his last day was September 2019, though the court takes notice that, in his EEOC charge, he says that his last day was August 30, 2019.

have grown out of the EEOC charge. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). The Eleventh Circuit has said that the scope of an EEOC charge should not be strictly interpreted and that it is "extremely reluctant" to allow a procedural technicality to bar a discrimination claim. *Id.* If the claims in the complaint amplify, clarify, or more clearly focus the EEOC charge, the claim may move forward. *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980).

## ANALYSIS

### Count 7: Hostile Work Environment with Constructive Discharge

In Count 7, Jones alleges that Fresenius's Transportation Supervisor (Tidisco) and Distribution Center Manager (Heiner) created a hostile work environment for African American employees and that hostility forced Jones to resign. Doc. 22 ¶¶ 144-161. Defendants often raise two distinct arguments against such claims at the Rule 12 stage: (1) the Plaintiff did not exhaust the claim in his EEOC charge and (2) the facts in the complaint, if proved true, would not entitle the Plaintiff to relief. But Fresenius limits its argument to exhaustion; it does not argue that Count 7 or its § 1981 counterpart, Count 5, fail to plead facts that would entitle Jones to relief. *See* Doc. 26 at 4-9. So the court's task is limited to determining whether the EEOC could be reasonably expected to have investigated the claim Jones alleges in Count 7.

The following chart compares the facts that Jones put in his EEOC charge with the facts that Jones alleged in Count 7:

| EEOC Charge | Complaint (Count 7) |
| --- | --- |
| <ul><li>Low wages</li><li>Less desirable route assignments</li><li>Less desirable work hours</li><li>Lack of promotions</li><li>Less desirable job assignments</li><li>Less desirable load assignments</li><li>Poor evaluations</li><li>Disciplines</li><li>Fresenius failed to post desirable openings</li><li>Fresenius told Jones he was not the "right fit" for jobs that went to less qualified white employees</li></ul> | <ul><li>Lower paid miles per hour rating</li><li>Given route assignments that required driver to unload</li><li>Poor evaluations because of assignment choices</li><li>Fresenius failed to post openings for jobs that do not require drivers to unload</li><li>Fresenius told Jones he was not the "right fit" for jobs that were given to white drivers</li><li>Fresenius's refusal to give Jones better assignments prevented him from having a healthy lifestyle and more time with family</li></ul> |

Doc. 22-1 at 2 (EEOC Charge); 22 at 25 (Complaint). The chart shows that Count 7 stems from the same facts that Jones presented to the EEOC, just with more detail. So the court finds that Jones exhausted Count 7 because the EEOC could be reasonably expected to have investigated the facts that support Count 7. *Gregory*, 355 F.3d at 1280; *see also* 29 C.F.R. § 1601.12(b) ("…a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of").

This ruling comes with two caveats. First, the court is not ruling that Jones's facts, as pleaded, can sustain a claim for hostile work environment with constructive discharge because Fresenius limited its argument to failure to exhaust. *See* Doc. 26 at 4-9. Fresenius may raise its merits argument in future motions.

Second, the court's finding of exhaustion is limited to the facts pleaded in the EEOC charge and now pleaded in Count 7. "Allegations of new acts of discrimination, offered as the essential basis for the requested judicial review, are not appropriate" absent presentation to the EEOC. *Ray*, 626 F.2d at 443.

**Count 8: Retaliatory Hostile Work Environment with Constructive Discharge**

Count 8 is identical to Count 7, except that Jones alleges that Fresenius took the actions that created the hostile work environment because Jones complained to management about discrimination more than 40 times. Doc. 22 ¶¶163-65. Jones checked the 'retaliation' box on his EEOC charge and alleged that he complained to Heiner (the Distribution Center Manager) about discrimination. Doc. 22-1 at 2. So the court finds that Jones exhausted Count 8 because the EEOC could be reasonably expected to have investigated the facts that support Count 8. The court places the same two caveats on this ruling that the court placed on its Count 7 ruling.

**Count 9: Negligent Hiring, Training, Supervision, and Retention**

In his brief in opposition, Jones says that he "voluntarily dismisses" Count 9.

Doc. 28 at 6. So the court will **grant** Fresenius' motion to dismiss Count IX, without prejudice.

## CONCLUSION

For the reasons stated above, Fresenius's motion to dismiss is due to be **GRANTED in part** and **DENIED in part**. The court will **grant** Fresenius's motion as to Count 9 and **deny** Fresenius's motion as to Counts 7-8. This court will enter a separate order carrying out this finding.

**DONE** and **ORDERED** on April 22, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE